# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| DUCKS UNLIMITED, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 14-2885 |
| BOONDUX, LLC AND CALEB SUTTON, | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Ducks Unlimited's January 25, 2016 Motion to Enforce Settlement Agreement or, in the Alternative, to Schedule a Judicial Settlement Conference and Status Conference (the "Motion"). (Motion, ECF No. 59.) The Motion was referred to the Magistrate Judge, who issued a Report and Recommendation (the "Report") on April 5, 2016, as to Ducks Unlimited's request to enforce the purported settlement agreement. (Report, ECF No. 75.) The Report recommends that the Motion to Enforce be denied. (Id.) No objection has been filed to the Report and the time to do so has passed.

Also before the Court is the request that, if the settlement agreement is not enforced, the Court order a judicial settlement conference and/or status conference to modify the scheduling order. (Motion, ECF No. 59 at 5-6.) Boondux

responded on February 10, 2016. (Resp., ECF No. 66.) Ducks Unlimited replied on February 23, 2016. (Reply, ECF No. 71.) The Report did not make a recommendation on those requests. For the following reasons, the Report is ADOPTED and the Motion is DENIED in part and GRANTED in part.

**I. Background**

The Report sets forth the factual and procedural background of this case in detail. (Report, ECF No. 75.) Unless otherwise stated, the Court adopts the Report's defined terms.

**II. Jurisdiction**

Ducks Unlimited brings suit under the Lanham Act, 15 U.S.C. §§ 1112 and 1125, and the Copyright Act, 17 U.S.C. § 501. The Court has federal question jurisdiction under 28 U.S.C. § 1331.

**III. Standard of Review**

  **A. Report and Recommendation**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). "A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). After reviewing the

2

evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review — under a de novo or any other standard — those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. Id. at 151.

**B. Judicial Settlement Conference and/or Status Conference**

A district court may order parties to participate in conferences facilitating settlement under Federal Rule of Civil Procedure 16. Fed. R. Civ. P. 16(a)(5);(c)(2)(I). Under the Local Rules, the parties may request a judicial settlement conference "only after they have engaged in and certify to the Court that they have participated in good faith in at least one unsuccessful mediation under the Court's Plan for Alternative Dispute Resolution or private mediation." L.R. 16.3(b). The parties may modify the scheduling order for good cause shown and with the court's consent. Fed. R. Civ. P. 16(b)(4).

**IV. Analysis**

**A. Report and Recommendation**

The Magistrate Judge finds that the Motion to Enforce should be denied because "there was no meeting of the minds between the parties as to all material terms" of the purported settlement agreement. (Report, ECF No. 75 at 16.) There is no enforceable agreement. (Id. at 17.) The Magistrate Judge declined to make a recommendation on Ducks Unlimited's alternative request that the Court order the parties to attend a judicial settlement conference or an in-person status conference because those matters fall within the discretion of the Court. (Id. at 20.) The Report states that any objections must be filed within 14 days after service of the Report, and that failure to file objections or exceptions within 14 days may constitute a waiver of objections, exceptions, and any further appeal. (Id. at 21 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); L.R. 72.1(g)(2)).)

Because no party has objected, Arn counsels the Court to adopt the Report in its entirety. Arn, 474 U.S. at 151. Adopting the Report is consistent with the policies underlying § 636, specifically judicial economy and protecting against the "functions of the district court [being] effectively duplicated as both the magistrate and the district court perform identical

4

tasks." Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

For the foregoing reasons, the Report is ADOPTED and the Motion to Enforce is DENIED.

### B. Judicial Settlement Conference and/or Status Conference

If the settlement agreement is determined to be unenforceable, Ducks Unlimited requests that the Court order the parties to participate in a judicial settlement conference. (Motion, ECF No. 59 at 5.) It argues that a conference is necessary because of Boondux's "abrupt change in position regarding settlement" and to "ensure Defendants are not abusing the settlement process." (Id.) If the Court declines to hold a settlement conference or the conference is unsuccessful, Ducks Unlimited requests a status conference with counsel and parties present to establish new pretrial and trial deadlines. (Id. at 5-6.) Boondux does not believe that a judicial settlement conference would be productive because of the time the parties have already spent in mediation and settlement negotiations. (Resp., ECF No. 66 at 10.) Boondux does not oppose a status conference and defers to the Court's judgment about who should be present. (Id.)

A judicial settlement conference is not appropriate at this time. Ducks Unlimited's argument in support of a conference is

5

based on its belief that Boondux has not acted in good faith because it decided not to settle. The record does not support that argument. The Report finds that Boondux was not obligated to settle because no enforceable agreement had been reached. Ducks Unlimited's arguments for enforcing settlement are undermined by the fact that its December 1, 2015 proposed draft agreement altered several material terms in the November 3, 2015 offer and the fact that the communications between counsel in November 2015 and during the November 18, 2015 status conference with the Court "strongly suggest[] that the parties were still in settlement negotiations and had not yet reached a final agreement." (Report, ECF No. 75 at 16-17,19.) Ducks Unlimited has not shown that a judicial settlement conference would be productive given that the parties have failed to reach a settlement after months of negotiations. Boondux has stated that it no longer wants to settle. (Id. at 9.) Ducks Unlimited's request for a judicial settlement conference is DENIED.

Both parties agree that a status conference is necessary to modify the scheduling order because settlement negotiations have failed. For good cause shown, the request for a status conference to modify the scheduling order is GRANTED. An in-person conference is not necessary given that past conferences

in this case have been conducted by telephone.  The Court will contact the parties to schedule a conference.

**V. Conclusion**

The Report is ADOPTED and the Motion to Enforce and for a judicial settlement conference is DENIED.  The Motion for a status conference is GRANTED.



So ordered this <u>20th</u> day of June, 2016.


                                                         /s/__Samuel H. Mays, Jr. ___
                                                       SAMUEL H. MAYS, JR.
                                                       UNITED STATES DISTRICT JUDGE